**COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE**
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302) 735-3910

CHARLES W. WELCH, III
JUDGE

September 7, 2016

Lisa Borin Ogden, Esq.  
Deputy Attorney General  
Department of Justice  
102 West Water Street  
Dover, DE 19901

James Liguori, Esq.  
Liguori & Morris  
46 The Green  
Dover, DE 19901

RE: State of Delaware v. Brenda S. Harper  
Case No.: 1507020969

**Decision After Restitution Hearing**

Dear Ms. Ogden and Mr. Liguori:

The defendant for the above-referenced matter, Brenda S. Harper, has entered a probation before judgment for Disorderly Conduct. As a condition of the probation before judgment, the defendant must pay restitution as ordered by the Court. The State has requested that the defendant be ordered to pay restitution in the amount of $5,081.57 to the Victims' Compensation Assistance Program (hereinafter "VCAP") for medical expenses paid by VCAP on behalf of the victim, Bonnie Allen.[1] The defendant contests the amount of restitution requested by the State and requested a hearing. This correspondence constitutes the Court's decision after the restitution hearing.

When seeking restitution, the State bears the burden of proving the amount of loss by a preponderance of the evidence. *Benton v. State*, 711 A.2d 792 (Del. 1998). After a careful

---

[1] Pursuant to 11 *Del. C.* § 9014(c), VCAP is entitled to seek restitution for the reimbursement of medical expenses it has paid.

consideration of the evidence provided at the restitution hearing for this matter, the Court finds that the State has proven that VCAP has reimbursed Ms. Allen for losses incurred as a result of the defendant's criminal conduct. However, the issue of restitution does not end there.

The defendant is only responsible to pay restitution for losses caused by her criminal conduct. *State v. Hoffman*, 2003 WL 21221811, at *2 (Del. Super. May 19, 2003). In the instant matter, the State offered into evidence documentation for medical expenses incurred by Ms. Allen on the date of the incident and medical expenses for treatment of Ms. Allen's heart attack that occurred a few days after the incident. VCAP reimbursed Ms. Allen for all of these medical expenses. After reviewing the evidence, however, the Court finds that the State has not proven that Ms. Allen's heart attack resulted from the defendant's disorderly conduct. All that was established by the State at the restitution hearing was that Ms. Allen received medical treatment for a heart attack. No medical documentation, other than medical bills and the proximity of time to the incident, was provided to show a causal link or relationship between Ms. Allen's heart attack and the defendant's conduct.

The State relies on a medical narrative report from the night of the incident which shows that Ms. Allen was treated and discharged for anxiety and a knee contusion due to an "altercation with family member," i.e. the defendant. Such evidence is sufficient to show that the defendant is responsible for the damages incurred by Ms. Allen on the night of her criminal conduct. However, the medical narrative report pertains only to Ms. Allen's anxiety and knee contusion. It does not support the State's contention that Ms. Allen's heart attack, which occurred several days later, was a result of the defendant's disorderly conduct. A defendant may not be ordered to make restitution for a victim's loss where there is no factual basis on record showing that the defendant's criminal conduct is responsible. Medical bills for injuries occurring a few days after the date of the incident are insufficient, alone, to show that such injuries were a result of a defendant's criminal conduct.

Given its findings, the Court holds that the only damages for which the defendant is liable to pay restitution to VCAP are those which were caused by the defendant's criminal conduct, which are all medical expenses incurred for the treatment of Ms. Allen's anxiety and knee

2

contusion. The Court needs to ascertain the amount of damages owed by the defendant. Therefore, the State has 30 days from the date of this letter to provide a list of expenses incurred by Ms. Allen for her initial hospital visit and for the treatment of her anxiety and knee contusion.

**IT IS SO ORDERED this 7<u>th</u> day of September, 2016.**

Sincerely,

Charles W. Welch, III

CWW: mek
pc:    Jeff Rigby, Esq., Deputy Attorney General
       Gregory Morris, Esq.